An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-826
NORTH CAROLINA COURT OF APPEALS

Filed: 21 January 2014

STATE OF NORTH CAROLINA

    v.                                  Rowan County
                                        No. 12 CRS 52407
CARY EUGENE KISER


On writ of certiorari to review judgment entered 14 November 2012 by Judge W. David Lee in Rowan County Superior Court. Heard in the Court of Appeals 30 December 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General Mary S. Mercer, for the State.*
>
> *Winifred H. Dillon for defendant-appellant.*


HUNTER, JR., Robert N., Judge.


Defendant Cary Eugene Kiser appeals from the judgment entered after a jury found him guilty of malicious conduct by a prisoner and two counts of resisting a public officer. Defendant contends the trial court committed plain error by neglecting to instruct the jury on accident as to the malicious conduct by a prisoner charge. We find no error.

On 15 April 2012, Salisbury Police Officers Jeremy Cable and Ryan Carlton were dispatched to respond to an assault call. When the officers arrived, they encountered defendant walking along the street. The officers approached, and defendant began yelling obscenities and making obscene gestures at them, refused to comply with their commands, and ultimately threatened to kill them. In response, the officers used tasers and deployed a police dog to subdue defendant. After the officers detained defendant, they transported him to the hospital.

When the officers arrived at the hospital, defendant initially refused to be placed in a wheelchair. Defendant calmed down when he was treated by a physician's assistant, but when his treatment was complete, he engaged Officer Cable in another physical struggle. Defendant continued to resist when the officers and hospital personnel attempted to put him in a wheelchair to leave the hospital. During that struggle, defendant made a sucking sound, stated another obscenity at Officer Cable, and then spat directly at Officer Cable's face, into his mouth and eyes.

A jury found defendant guilty of malicious conduct by a prisoner and two counts of resisting a public officer. The trial court consolidated the charges into one judgment and

sentenced defendant to 17 to 30 months imprisonment. On 1 April 2013, this Court entered an order allowing defendant's petition for writ of certiorari to review the trial court's judgment.

Defendant's sole argument on appeal is that the trial court committed plain error by failing to instruct the jury on accident as to the malicious conduct by a prisoner charge. We do not agree.

Defendant acknowledges in his brief that he neglected to object to the trial court's jury instructions or to request additional instructions, and, therefore, that we must review the instructions given for plain error. N.C. R. App. P. 10(a); *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). "[T]o establish plain error defendant must show that a fundamental error occurred at his trial and that the error had a probable impact on the jury's finding that the defendant was guilty." *State v. Towe*, 366 N.C. 56, 62, 732 S.E.2d 564, 568 (2012) (quotation marks and citation omitted). "Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. (quotation marks and citation omitted) (alteration in original).

Even if we were to assume, as defendant asserts, that his own testimony and evidence of the struggle between the officers and defendant supported a jury instruction on accident, defendant cannot demonstrate that the omission of such an instruction affected the outcome of the case. *See State v. Loftin*, 322 N.C. 375, 382, 368 S.E.2d 613, 617-18 (1988) (no plain error in failing to instruct on accident). The State offered the testimony of four eyewitnesses – the two police officers, a physician's assistant, and a hospital security officer – who all testified that they saw defendant spit directly in Officer Cable's face. In light of this overwhelming evidence that defendant intentionally spat at Officer Cable, we hold he has failed to establish the trial court committed plain error by failing to instruct the jury on accident.

No error.

Chief Judge MARTIN and Judge DILLON concur.

Report per Rule 30(e).